# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JESSICA HARRIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C 216(B);<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL RESTAURANTS, INC., *et al.*,<br><br>Defendants. | CIVIL ACTION NO.  4:19-CV-00685-RWS |

## ORDER

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.  On June 19, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Docket No. 41) that Defendants' Motion to Compel Arbitration and to Dismiss or Stay Pending Action (Docket No. 14) be granted.

On July 6, 2020, Plaintiffs filed objections (Docket No. 43), and Defendants filed a response (Docket No. 45) on July 14, 2020.

**I.   Background**

Jessica Harris, on behalf of herself and all others similarly situated, filed suit against Continental Restaurants, Inc.; Continental Foods, Inc.; Priceless Foods, Inc.; Lubna Foods, Inc.; Timeless Staffing Services, LLC; and DenTex Restaurants, LLC for violations of the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq.*, as amended.  Docket No. 1 at 1.  Stacy Holden is an opt-in

plaintiff.  Docket No. 8.  Harris and Holden were previously employees of Defendants.  Docket No. 14 at 2.  The motion concerns agreements Plaintiffs purportedly signed regarding arbitration (the "Harris Agreement" and the "Holden Agreement," collectively the "Agreements") and whether Defendants have demonstrated that the Agreements are valid and enforceable arbitration agreements.

## II.    Analysis

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3).

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, written arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA provides that a party seeking to enforce an arbitration provision may petition the court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.

In their objections, Plaintiffs reiterate the same arguments made in their motion, providing no new evidence, arguments or distinguishing case law as to any of the findings in the Report.  The Court will nonetheless address each objection.

### A.  Evidence in the Record

Plaintiffs argue that nothing in the record supports a finding that Defendants are parties to and bound by the arbitration agreements.  Docket No. 43 at 1.  The record does, however, include evidence to the contrary.  As stated in the Report:

> The Harris Agreement, however, specifically states that it covers "all claims and disputes that [the employee] may now have or may in the future have against the Company and/or against its successors, subsidiaries and affiliates and/or any of its agents, officers, directors, shareholders, partners, owners, employees and agents."

> Dkt. 14-2 at 1. It is uncontested that Defendants are all affiliates under common ownership and control. *See* Dkt. 19 at 2–3.
>
> …
>
> Like the Harris Agreement, the Holden Agreement specifically states that it covers "all claims and disputes that [the employee] may now have or may in the future have against the Company and/or against its successors, subsidiaries and affiliates and/or any of its agents, officers, directors, shareholders, partners, owners, employees and agents." Dkt. 38-1 at 26. It is uncontested that Defendants are all affiliates under common ownership and control. *See* Dkt. 19 at 2–3.

Docket No. 41 at 5, 7–8.  Plaintiffs contend that the entities named in the Agreements are not the same set of entities that constitute the Defendants in this action.  Docket No. 43 at 2.  But, as discussed in the Report, it was uncontested, and it remains uncontested, that Defendants are all affiliates under common ownership and control.  *See* Docket No. 19 at 2–3.  Plaintiffs make no distinguishing argument in their Objections and instead simply argue that Defendants' statement that "all Defendants are affiliates of Continental Foods, Inc." is "a single-sweeping statement" that is "unsupported" and a "barebones assertion."  Docket No. 43.  Plaintiffs are wrong.  This statement comes from the Amended Declaration of Bamidele T. Badiru, an authorized agent of Defendants, sworn to have personal knowledge of the facts and made with full authority by Defendants.  *See* Docket No. 19.  It is, therefore, untrue that there is nothing in the record supporting a finding that Defendants are parties to and bound by the arbitration agreements.  The Court finds that, under the terms of the agreements before the Court, Holden and Harris agreed to arbitrate claims and disputes against Defendants.

### B. Agreements Require Cost-Prohibitive Fees

Plaintiffs again argue that arbitration would be cost-prohibitive and that, therefore, any agreement to arbitrate is unenforceable.  Docket No. 43 at 3.  Plaintiffs contend that the Report failed to address the cost-prohibitive nature of the Agreements.  *Id.* at 2.  But it did:

> This objection is unfounded. Defendants have agreed to cover the costs of the arbitrator and the Harris Agreement expressly allows Plaintiffs to "allege any claim, obtain any remedy and assert any legal or equitable defense that the party could allege, obtain or assert in a Texas state or federal court," which includes an FLSA claim. *See* Dkt. 22 at 5; Dkt. 14-2 at 2.

Docket No. 41 at 3–5; *see also id.* at 7 (discussing issue of affordability with regards to the Holden Agreement). And, in their Response, Defendants "expressly agree to cover the arbitrator's fees." Docket No. 45 at 3 n.2. Plaintiffs' objection to the arbitration agreements on the issue of cost is, as stated in the Report, unfounded.

### C. Holden Accepted the Terms of the Agreement

Plaintiffs next argue that Defendants failed to demonstrate that Holden accepted the terms of her agreement. Docket No. 43 at 3. Specifically, Plaintiffs argue that Defendants "failed to carry their burden to show that Plaintiff Holden agreed to (or even saw) the terms of the two-page arbitration agreement." *Id.* at 4. Plaintiffs do not distinguish or respond to the Report's finding that "Plaintiffs do not argue that Holden did not sign the Holden Agreement or review the Arbitration Agreement pages that are references on the signature page," but "[r]ather, Plaintiffs claim that Defendants have not provided the providence and completeness of the Holden Agreement." Docket No. 41 at 6. Nonetheless, Defendants offered testimony that Holden received a copy of the agreement and reviewed it before signing the Holden Agreement. Docket No. 38-1 at 1–2. Moreover, as noted in the Report (*see* Docket No. 41 at 7), the Court recognizes that each of the page-numbered documents appears to have been signed by Holden on June 15, 2018. *See* Docket No. 38-1 at 23, 25, 28–29. The signature page states that the undersigned employee agrees to "the terms of the arbitration agreement presented to me," and there is a checkmark by the statement "I agree to the terms of this Agreement." *Id.* at 25. Defendants have sufficiently demonstrated that Holden accepted the terms of the Holden Agreement, and Plaintiffs have not raised any argument disputing that finding.

### D. The Harris Agreement Does Not Lack a Material Term

Plaintiffs finally argue that the Harris Agreement lacks a signature date and that the signature date is a material term. Docket No. 43 at 5. Plaintiffs ignore the Report's thorough analysis on this issue and reasoning for finding that the Harris Agreement is enforceable. *See* Docket No. 41 at 3–4. As noted in the Report, "Harris does not deny that the Harris Agreement appears to have been signed and dated by a witness on January 28, 2014." *See* Docket No. 17 at 7. Additionally, Harris does not deny signing the Harris Agreement on January 28, 2014." Docket No. 41 at 4. Plaintiffs do not distinguish case law cited in the Report that a contract is invalid only if it is "so indefinite as to make it impossible for a court to fix the legal obligations of the parties." *Osa v. Neill Invs., LLC*, Case No. 02-17-00181-CV, 2018 WL 1755224, at *4 (Tex. App.—Ft. Worth Apr. 12, 2018, no pet.) (mem. op.). Here, the Harris Agreement is not so indefinite, and Plaintiffs do not present any cogent argument to the contrary.

### III. Conclusion

For the foregoing reasons, Plaintiffs' objections to the Report are **OVERRULED**. Defendants' Motion to Compel Arbitration and to Dismiss or Stay Pending Action (Docket No. 14) is **GRANTED**. It is

**ORDERED** that this action is **DISMISSED** pending resolution of the arbitration proceeding. Each party shall bear its own costs.

**So ORDERED and SIGNED this 24th day of September, 2020.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE